**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KAREN O.,                                                      Case No: 1:21-cv-738

               Plaintiff,                                  Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

The above-captioned case represents Plaintiff's second successful judicial appeal of the Commissioner's decision to deny Plaintiff disability insurance benefits ("DIB") under the Social Security Act. As a result of this appeal, Plaintiff and her son were awarded retroactive benefits. Currently pending before the Court is Plaintiff's counsel's motion for an additional award of attorney fees based on a pre-existing contingency fee agreement. **Subject to modification** for the reasons explained, the motion is GRANTED.

    **I.**    **Background**

The motion at issue closely relates to a nearly identical motion filed by counsel in the first judicial appeal that Plaintiff filed in this Court, *Karen O. v. Comm'r of Soc. Sec.*, No. 1:19-cv-1093-DRC-KLL. Plaintiff was partially successful in that 2019 case, insofar as the Commissioner agreed to remand the case to the agency for further administrative proceedings under sentence four of the Social Security Act. (*See id.*, Docs. 16-18). Plaintiff's "prevailing party" status in obtaining a judgment of remand in the 2019 case entitled her to recover attorney fees under the Equal Access to Justice Act ("EAJA") for

the hours that her attorney spent working on that case. On August 10, 2020, the parties filed a joint motion for a stipulated attorney fees award of $3,230, which the Court granted on September 23, 2020. (*See Karen O.*, No. 1:19-cv-1093-DRC-KLL, Docs. 19, 20).

Following that first judicial remand, the review of Plaintiff's still-pending DIB application was returned to the same ALJ. On April 28, 2021, the ALJ again denied Plaintiff's claim. The Appeals Council declined further review, leaving the ALJ's second decision intact as the final decision of the Commissioner.

In November 2021, Plaintiff timely filed the above-captioned case as a second judicial appeal of the Defendant's new adverse decision.[1] *See* 42 U.S.C. §405(g). In her second go-round, Plaintiff won a more complete victory. Instead of remanding for further proceedings before the agency as in No. 1:19-cv-1093-DRC-KLL, this Court reversed and remanded for an immediate award of benefits. (*See* Doc. 12).

As a result of this Court's November 7, 2022 judgment, the Social Security agency calculated the award of past-due benefits that it owed to Plaintiff, as well as the past-due benefits owed to her son, who qualified for a child's benefit as an auxiliary beneficiary. On September 1, 2023, the agency issued a Notice of Award to Plaintiff's son for the time period during which he was still a minor child.[2] The agency issued a second Notice of Award on September 24, 2023 that calculated the total past-due benefits payable to Plaintiff. (Doc. 14 at PageID 1491).

---

[1]Plaintiff does not appear to have formally designated this second appeal as a related case. *See* Local Rule 3.1(b) ("An initiating party shall identify on the civil cover sheet or other form provided by the Clerk any previously filed case… that the party knows or believes to be related.").
[2]The Notice calculated Plaintiff's son's benefits from April 2016 through November 2018. (Doc. 14 at PageID 1486).

On October 30, 2023, Plaintiff's counsel timely filed[3] a motion in the above-captioned case to seek the award of a contingent fee award under 42 U.S.C. § 406(b), consistent with a December 4, 2019 Fee Agreement. On the same date, counsel filed a nearly identical motion in the 2019 case. The motions seek *separate* (partial) contingent awards under 42 U.S.C. § 406(b) based on the number of hours counsel spent in pursuit of *each* of the two judicial appeals. Counsel explains that the two fee awards added together equal a total award that will fully compensate him for his work in both cases, consistent with the 25% fee set forth in the Fee Agreement.

On January 25, 2024, Magistrate Judge Litkovitz filed a Report and Recommendation ("R&R") that recommends granting Plaintiff's companion motion for a partial contingency fee to be paid in No. 1:19-cv-1093-DRC-KLL in the amount of $12,000.00, subject to the legally required remittance to Plaintiff of the prior $3,230.00 EAJA fee paid in that case.[4] (*Id.*, Doc. 14 at PageID 1496; *see also* No., 1:19-cv-1093-DRC-KLL, Doc. 21 at PageID 1001-02). Cognizant that the R&R filed by Judge Litkovitz has not yet been adopted by the Court, the undersigned turns to counsel's request for the remainder of his § 406(b) fee to be paid in the above-captioned case.

## II.    Analysis

Unlike an EAJA fee which is paid directly by the United States, a fee awarded under 42 U.S.C. §406(b) has a direct impact on the disabled claimant, because it is paid

---

[3]*See* Local Rule 54.2(b) (requiring motions for attorney's fees filed under the Social Security Act to be filed within 45 days "after entry of judgment or the date shown on the face of the social security certificate award (notice of award), whichever is later."

[4]A savings provision in the EAJA works in tandem with § 406(b) to prohibit duplicate fee awards for "the same work." *See* PL 99-80 (HR 2378), PL 99-80, August 5, 1985, 99 Stat 183.

directly out of the benefits award.[5] For that reason, the maximum contingent fee award that can be made under § 406(b) is 25% of the past-due benefits award.[6] Here, as is typical for requests that do not financially impact the United States, the Commissioner's response states that it neither supports nor opposes the §406(b) motion. (Doc. 16) The response further acknowledges that the fee request remains subject to additional judicial review under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to determine the "reasonableness" of any award. Under that authority, a contingency fee may be reduced if the fee requested would constitute a windfall. *Gisbrecht,* 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (en banc).

### A. Counsel's Error in Filing Duplicate Motions

Counsel explains that between the two companion motions, he seeks a combined total fee of 25% of the past-due benefits awarded to both Plaintiff and her son, equal to $33,436.75.[7] More specifically, the motion filed in No. 1:19-cv-1093-DRC-KLL seeks a partial contingency fee award of $12,000.00 based on time records that reflect that counsel spent 17.75 hours in that case. In the motion filed in this case, counsel seeks the balance of his contingency fee award, or $21,436.75, based on time records that reflect counsel spent an additional 37.2 hours in this second judicial appeal. Before assessing the reasonableness of the award under *Gisbrecht*, the Court must address its concern

---

[5]The Social Security Agency withholds 25% of any past-due benefits award for payment of attorney's fees. Although separate fees may be awarded by the agency for work performed at the administrative level, only a court may award fees for work performed in federal court.

[6]In *Culbertson v. Berryhill*, 139 S.Ct. 517 (2019), the Supreme Court held that the cap that limits attorney fees to 25% of past-due benefits applies only to fees for representation before the court, and does not cap the aggregate total fees awarded by both the agency under § 406(a) and the court under § 406(b).

[7]The agency withheld 25%, or $28,009.75, from the past-due benefits awarded directly to Plaintiff. The agency withheld an additional 25%, or $5,427.00, from the past-due benefits awarded to Plaintiff's son.

with the filing of two different § 406(b) motions, rather than a single motion in the above-captioned case, to support the contingency fee award.

The Court appreciates counsel's explanation that the different amounts sought in the two simultaneously filed attorney fee motions, when aggregated, do not exceed the 25% maximum statutory fee permitted under 42 U.S.C. § 406(b). But unlike the EAJA, which authorizes payment of a fee in each social security case in which counsel obtains a remand,[8] the Social Security Act provides for payment of a single attorney fee only in a judicial appeal that directly leads to an award of benefits. *See generally*, *Lane v. Commissioner of Social Sec.*, 646 Fed. Appx. 392, 394 (6th Cir. April 20, 2016) (citing *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994)). In other words, the statute does not appear to authorize a separate fee motion in the 2019 case, because no benefits were awarded in that case.

In relevant part, 42 U.S.C. § 406(b) states:

> (1)(A) *Whenever a court renders a judgment* favorable to a claimant under this subchapter…, *the court may determine and allow as part of its judgment a reasonable fee* for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may, … subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.
>
> * * *
> (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by

---

[8] *See Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 931 (6th Cir. 2017) (explaining that a sentence four remand is a "judgment" that connotes "prevailing party" status under the EAJA, even though the ALJ on remand "retains the discretion to grant or deny a benefits award.") (internal citations omitted); *contrast Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 452 (6th Cir. 2018) (holding that a judicial remand under sentence six occurs "pre-judgment.").

the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

*Id.* (*emphasis added*).

The above language authorizes a federal court to make a single award of fees "as part of its judgment" equal to up to 25 percent of the total past-due benefits award. The statutory language refers to the court judgment entered in the case that resulted in the benefits award. Indeed, courts considering the issue have uniformly held that §406(b) authorizes the payment of an additional contingency fee by a federal court only when the Commissioner awards benefits after a judicial remand. *See generally*, *Bergen v. Commissioner of Social Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006) (holding that statute "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits"). *Id.*

In the vast majority of cases in which counsel later becomes entitled to a contingency fee under § 406(b), the contingency fee is earned after a single judicial appeal. But in her first judicial appeal in this Court, No. 1:19-cv-1093-DRC-KLL, Plaintiff won only remand for additional review. The end result after that first remand was a second denial of benefits, with the Appeals Council denying further review. If Plaintiff had not filed a new case and won judgment in the above-captioned second appeal, she would have recovered nothing.

Counsel's procedural error in filing motions in both this case and in the first judicial appeal is understandable given the rarity in which this issue occurs as well as the lack of controlling Sixth Circuit case law that addresses this issue of statutory construction. But

the conclusion that § 406(b) does not support a separate partial fee award in the 2019 case is well supported by published case law outside the Sixth Circuit, as well as by unpublished district court cases within the Sixth Circuit. For example, in *Daniels v. Saul*, No. 16-cv-10390, 2021 WL 3030137, at *2 (E.D. Mich., July 19, 2021), plaintiff's counsel also sought fees under § 406(b) "in <u>two separate actions</u> from the <u>same</u> past-due benefits awarded only as a result of the second action." *Id.* (emphasis original). Relying on a similar (but not identical)[9] interpretation of the statutory language, the Michigan court denied the separate request for fees in the first judicial appeal, holding that a §406(b) award could be made only in the second judicial appeal that resulted in an award of past-due benefits. *Id.* at *3.

Even more persuasive is the analysis set forth by the Ninth Circuit in *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215 (9th Cir. 2012). In that case, counsel similarly won remand after a first judicial appeal, but his client's claim was again denied. After a second judicial appeal, the plaintiff was awarded benefits. As authorized by the different statutory language of the EAJA, counsel received separate EAJA fee awards in each of the two judicial appeals. When at last the plaintiff was awarded benefits, counsel appropriately filed a single § 406(b) motion in the second court case in order to recover his additional contingency fee.

---

[9] *Daniels* relied heavily on the statutory analysis set forth in *Waderlow v. Berryhill*, Case No. 19-11871, 2021 WL 1811558, at *2 (E.D. Mich., May 6, 2021). In that case, counsel appears to have filed a single motion in the second judicial appeal that resulted in the award of benefits, but sought a fee that encompassed time spent in both the first and second judicial appeals. The undersigned agrees with *Waderlow* to the extent that it reads the statutory language to permit the filing of a § 406(b) motion only in that second case, but disagrees with *Waderlow*'s conclusion that the statute prohibits a fee that encompasses the total (combined) hours spent on both judicial appeals. Instead, as discussed, the undersigned concludes that all hours spent in federal court are compensable, but that the award may be made only in the judicial appeal that resulted in the past-due benefits award.

No doubt to counsel's dismay, the trial court held that counsel was required to offset or refund <u>both</u> the EAJA fees from the first and second judicial appeals, even though §406(b) authorized collection of counsel's contingency fee only in the latter case. Before the Ninth Circuit, counsel argued that because he could not collect a separate § 406(b) fee in that first judicial appeal, he should not be required to refund the EAJA fee from that case.

The appellate court disagreed. The *Parrish* court first reasoned that both EAJA fees were for "the same work" under the savings provision because both EAJA awards compensated counsel for time spent representing the plaintiff in connection with the same underlying disability claim in federal court. Turning to the different statutory language of § 406(b), the court wrote:

> Because § 406(b) provides for a contingency-type reimbursement rather than an hourly fee, the statute does not clearly identify the "work" for which an attorney is receiving the § 406(b) award.
>
> Wilborn argues that an attorney may receive fees under § 406(b) only for work on the final appeal in a Social Security case. He reasons as follows: each Social Security appeal to a federal court results in a separate judgment, and each remand to the agency terminates the prior civil case. Under § 406(b), a court can award attorneys' fees only for a representation by an attorney that resulted in "a judgment favorable to a claimant" if past-due benefits were awarded to the claimant "by reason of such judgment." Therefore, Wilborn asserts, a court can award attorneys' fees only for representation during proceedings resulting in a judgment that directly led to past-due benefits.....
>
> We disagree. Wilborn mistakes a *condition precedent* to a fee award (that the court render a favorable judgment to the claimant) for a *limitation* on the sort of work that is compensable (that is, Wilborn claims only the representation by an attorney in connection with that final favorable judgment is compensable). But the statutory language imposes only one limitation on the sort of work that is compensable: it must be representation of the claimant *before the federal court. See* § 406(b)(1)(A) (where a claimant "was represented *before the court* by an attorney" the attorney may receive "a reasonable fee for such representation" provided the conditions

precedent are met. (emphasis added)). Under the statute's plain language, a federal court may consider an attorney's representation of the client throughout the case in determining whether a fee award is reasonable.

Furthermore, Wilborn's limiting construction of § 406(b) is inconsistent with the overall statutory scheme. If § 406(b)(1) applied only to the final appeal that is successful on remand, an attorney could charge a client for work on an earlier appeal without facing criminal penalties, because § 406(b)(2) applies only to those proceedings for which the attorney can obtain a fee award under § 406(b)(1). As a result, a claimant could end up paying more than 25 percent of past-due benefits in federal court attorneys' fees, a result that would thwart the obvious and repeatedly expressed intent of Congress to prevent attorneys "[c]ollecting or even demanding from the client anything more than the authorized allocation [25 percent] of past-due benefits," *Gisbrecht,* 535 U.S. at 795, 122 S.Ct. 1817.

Thus, an award under § 406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits. This interpretation is the most natural reading of the statutory language, and most congruent with the nature of the fee award itself. If § 406(b) is the "exclusive regime for obtaining fees" from a Social Security claimant, *Gisbrecht,* 535 U.S. at 795, 122 S.Ct. 1817, then the § 406(b) award must compensate the claimant's attorney for all the work that led to the favorable result. This would include work on a prior appeal that did not result in the award of past-due benefits…. Accordingly, our interpretation is most consistent with Congress's goal of ensuring that "attorneys representing successful claimants" do "not risk 'nonpayment of [appropriate] fees.' " *See Gisbrecht,* 535 U.S. at 805, 122 S.Ct. 1817 (quoting SSA Report 66) (internal quotation marks omitted). Finally, our interpretation is in line with the interpretations of our sister circuits, which have read § 406(b) broadly to include all "substantial work done before the court" even when the attorney's work results only in a remand to the agency, *McGraw v. Barnhart,* 450 F.3d 493, 502 (10th Cir.2006) (quoting *Conner v. Gardner,* 381 F.2d 497, 500 (4th Cir.1967)), so long as the "claimant eventually [is] awarded past-due benefits, whether at the agency level or during further judicial proceedings." *McGraw,* 450 F.3d at 503; *see also Fenix v. Finch,* 436 F.2d 831, 835 (8th Cir.1971).

*Parrish*, 698 F.3d at 1219-21 (holding that all EAJA fees awarded in any prior judicial appeal of same disability claim must be deducted from fee received under § 406(b) in a later judicial appeal that resulted in benefits award).

Although the procedural context of *Parrish* differs from the instant case, its compelling analysis confirms that § 406(b) permits this Court to compensate counsel for <u>all time spent in federal court</u>, including the 17.75 hours spent before the court in No. 1:19-cv-1093-DRC-KLL. In other words, a "reasonable" § 406(b) fee may include time spent in pursuit of a prior judicial appeal, so long as it is permitted by the Fee Agreement.[10]

Here, the parties' Fee Agreement states:

> I hereby retain and employ Edward C. Ahlers, Attorney at Law, to represent me in appealing my denied Social Security Disability Insurance [claim]… or other type of Social Security claim to the U.S. District Court and/or to the U.S. Sixth Circuit Court of Appeals *and to then continue to represent me* upon any such claim or claims *should any such court appeal result in a remand* of my case back to the Social Security Administration for further administrative proceedings.
>
> …*If the Court decides my appeal in my favor and awards benefits to me itself, or if the Court remands the matter back to Social Security and benefits are then granted by the Social Security Administration by way of supplemental administrative action, I agree in either of these event[s] to pay my attorney a fee for his services equal to twenty five percent (25%) of all past due benefits payable to me and my family resulting from this appeal*.

(Doc. 14 at PageID 1496; *see also* No. 1:19-cv-1093-DRC-KLL, Doc. 21 at PageID 1013) (emphasis added). Executed just prior to the filing of Plaintiff's *first* judicial appeal in No. 1:19-cv-1093-DRC-KLL, the Agreement expresses a clear intent to have counsel

---

[10]Unlike the more limited statutory construction suggested by the Eastern District of Michigan in *Waderlow*, the Ninth Circuit's more persuasive reasoning has been widely adopted by many courts considering similar issues. *See generally*, *e.g.*, *Harris v. Comm'r of Soc. Sec.*, No. 3:19-cv-02078-IM, 2023 WL 2187551, at *2 (D. Or., Feb. 23, 2023) (single motion for fees compensated counsel for work spent before same federal court in two separate federal court appeals); *Neeley v. Kijakazi*, No. 2:21-cv-21, 2023 WL 6295485, at *3 (E.D. Tenn., May 26, 2023) (same, requiring deduction of two EAJA fees); *Bothwell v. Kijakazi*, No. 2:19-cv-344-RLM, 2022 WL 3025886, at *2 (N.D. Ind., Aug. 1, 2022) (considering combined hours spent during two separate judicial appeals but offsetting EAJA fees paid in both cases); *Michael B. v. Kijakazi*, No. 1:20-1999-SVH, 2022 WL 875819, at *2 (D.S.C., March 23, 2022) (awarding single fee for combined total of hours resulting in two separate remands, but also requiring counsel to reimburse two separate EAJA fees); *Jennifer W. v. Comm'r of Soc. Sec.*, No. 5:19-cv-37, 2020 WL 13608038, at *4 (D. Vt., Oct. 8, 2020) (406(b) single fee awarded to compensate counsel for aggregate time spent in a prior judicial appeal as well as time spent in second appeal that led to benefits award, conditioned on refund of prior EAJA fee awarded in first appeal); *Bryant v. Colvin*, No. 12–4059–SAC, 2014 WL 7359023, at *1 (D. Kan., Dec. 23, 2014) (noting "total" number of hours spent "on the civil litigation" which included two federal court appeals).

"continue to represent" Plaintiff regarding the denial of her DIB claim after remand from that appeal. Therefore, the Agreement authorizes counsel's representation through Plaintiff's second judicial appeal. That intent is confirmed by a letter signed by Plaintiff in which she advocates for the award of the full 25% fee, "whether by the court or [the Agency], or both," based on counsel's long representation of her "for many years" before the Agency and in "the two times he took my case to federal court." (Doc. 14 at PageID 1497).[11]

Moving to the payment provision, the Agreement expresses Plaintiff's intent to pay a total fee of 25% of "all past due benefits payable to me and my family" that resulted from counsel's "appeal" of the benefits denial. Translation? The Agreement authorizes payment of a 25% contingent fee award *only if and when past-due benefits are awarded*. No obligation to pay a fee ever arose in No. 1:19-cv-1093-DRC-KLL, because the Agency denied benefits after remand in that case. Thus, counsel's filing of a separate duplicative motion in No. 1:19-cv-1093-DRC-KLL is procedurally misguided whether one considers the express language of the Fee Agreement or the statutory language that authorizes such contingency fee awards.

Filing separate motions in two separate cases is not only contrary to the language of § 406(b), but creates judicial inefficiency. In this case, different judicial officers reviewed essentially the same 96-page fee motion.[12] Not only did that require greater judicial resources than would be required had counsel filed only a single motion in the appropriate

---

[11]This Court's independent obligation to assess the reasonableness of the fee is not altered by Plaintiff's letter of support for the maximum award. *See Karen Ann Hostetter v. Comm'r of Soc. Sec.*, No. 3:20-cv-2121, 2024 WL 1638918, at *3 (N.D. Ohio, April 16, 2024) (reducing counsel's fee to avoid a windfall despite existence of letter from claimant indicating approval of full 25% fee).
[12]Most of the pages consist of exhibits to the motion.

2021 case, but the filing of separate motions in multiple cases risks inconsistent results. For example, among the many factors a court must consider when evaluating the reasonableness of a fee under § 406(b) is the total number of hours expended in federal court to achieve the result. When motions are filed in different cases, the calculation of counsel's hypothetical hourly rate will necessarily vary in a manner that could impact the assessment of "reasonableness." Therefore, the undersigned disagrees with counsel's attempt to collect his fee through duplicative §406(b) fee motions filed in two separate cases.

Because the undersigned concludes that 42 U.S.C. § 406(b) permits payment of the contingency fee only in *this* case, the still-pending Report and Recommendation in No. 1:19-cv-1903-DRC-KLL creates a dilemma. If counsel recovers a partial fee in the 2019 case, then the award of a full 25% fee in this case would exceed the statutory cap set forth in § 406(b) as well as the parties' Agreement. In accord with § 406(b), the undersigned considers both fee motions, as if Plaintiff had filed a single motion for his full contingency fee in *this* case alone.[13] However, the Court's calculation of the full § 406(b) fee will be subject to an offset in the amount of any partial § 406(b) fee that may be awarded in the 2019 case, No. 1:19-cv-1903-DRC-KLL.

### B. Determining a Reasonable Contingency Fee

Published case law from this district explains that an attorney seeking fees under §406(b) "must show, and the Court must affirmatively find, that a contingency fee sought, even one within the 25% cap, is reasonable for the services rendered." *Lowery v. Comm'r*

---

[13]The undersigned does so in the interests of judicial economy, in lieu of requiring Plaintiff to file a new motion. The separate but nearly identical motions and exhibits express the clear intent of counsel and of Plaintiff herself to award the full 25% contingency fee for the aggregated hours spent in both judicial appeals.

*of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013) (citing *Gisbrecht*, 535 U.S. at 807). In *Ringel v. Comm'r*, 295 F. Supp.3d 816 (S.D. Ohio 2018), the Court identified five key "guideposts" used to determine whether a §406(b) fee request should be approved as reasonable, or whether, conversely, it constitutes a windfall. The relevant guideposts are: (1) whether the hourly rate passes the test established in *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990); (2) whether the fee has grown inordinately large due to delays in proceedings; (3) the quality and quantity of hours for which compensation is sought; (4) whether counsel has compromised the fee; and (5) whether the Commissioner opposes the award or other unique circumstances apply. *Id.*

### 1. The *Hayes* Test

In *Hayes v. Sec'y of HHS*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit established that "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id.*, 923 F.2d at 422. In other words, if a contingency fee is authorized by a fee contract that does not exceed the statutory maximum fee of 25%, and if the total fee further falls below the *Hayes* "floor," then a reviewing court has satisfied its duty to ensure the fee is not a windfall. A hypothetical hourly rate that equals or exceeds twice counsel's "standard rate" still may be "reasonable," but requires additional judicial review. *Id.* The application of the *Hayes* test is always the first step in assessing the reasonableness of a fee, and sometimes the last.

To calculate whether the fee falls below the *Hayes* floor in this case, the total contingency fee of $33,436.75 sought by counsel in both motions is divided by the total number of hours spent in both judicial appeals (17.75 hours in the first appeal, plus 37.2

hours spent in this second appeal).[14] That equation yields a hypothetical hourly rate of $608.49. To determine whether that hypothetical rate is more than twice counsel's standard rate, the Court need only ascertain counsel's "standard rate."

The EAJA-based "standard rate" is "entitled to presumptive weight under *Hayes* in the absence of evidence of counsel's normal billing rate for comparable, noncontingent work." *Ringel*., 295 F.3d at 831 (emphasis added); *see also id*. at 830 (discussing impropriety of using bar association rates and prior Sixth Circuit approval of EAJA rate as a proxy for the "standard rate"). But in the record presented, counsel has filed an affidavit attesting that his standard hourly billing rate is $350.00. (*See* Doc. 14 at PageID 1502). Counsel's affidavit rebuts the presumption that a lower EAJA rate should serve as proxy for his standard rate. And because the $608.49 hypothetical hourly rate is considerably less than twice counsel's standard hourly rate ($700.00), the total award sought by counsel is "per se reasonable" under the *Hayes* test. Because the fee award passes the *Hayes* test, review of the additional guideposts under *Ringel* is unnecessary.

### 2. EAJA-Related Deductions

Having determined that counsel's full contingent fee award would not constitute a windfall, the only remaining task is to determine if the § 406(b) fee should be reduced by any previously paid EAJA fees for the same work. Here, counsel applied for an EAJA award in the first judicial appeal, and was awarded a stipulated fee of $3,230. In his separately filed motion in that case, counsel states that he will refund the prior EAJA

---

[14]The number of hours that counsel expended in this second appeal falls on the high end of the typical range of hours, but was clearly reasonable when one considers the complex procedural history and that counsel's brief in support of the second appeal weighed in at 45 pages). *See*, *e.g*., *Ringel*, 295 F. Supp.3d at 836 (noting the "vast majority of social security cases reflect a very standardized number of attorney hours, typically between 10 and 40 hour, with most …falling near the midpoint of a 12-30 hour range).

award as legally required by the EAJA savings provision in order to avoid a duplicate recovery. The requested total contingent fee award of $33,436.75, less the offset of the previously received EAJA fee, yields a net additional § 406(b) fee of $30,206.75.

Notably, however, Plaintiff's counsel *did not* seek an EAJA fee award in this second appeal. Any amount of the fee award that has not previously been paid under the EAJA is deducted directly from the disabled claimant's past-due benefits. Therefore, counsel's failure to seek the second EAJA award to which he was entitled was to the detriment of his client. "When an attorney does not file for EAJA fees but instead only files for fees under § 406(b), the plaintiff does not receive the benefit of having the lower award refunded to her." *Horton v. Comm'r of Soc. Sec.*, No. 2;14-CV-00083, 2018 WL 4701588, at *1 (M.D. Tenn. Oct. 1, 2018); *see also Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("EAJA fees are awarded in excess of the benefits due, as opposed to being deducted from the claimant's benefits award.").

"To prevent plaintiffs from being penalized as a result of counsels' failure to apply for EAJA fees to which they were entitled, courts have either reduced the Subsection (b) award by an amount equal to the foregone EAJA fees, or taken counsels' failure to apply for EAJA fees into account in determining a reasonable fee for their services." *Wolfe v. Colvin*, No. 14-11397, 2016 WL 7650793, at *2 (E.D. Mich. Dec. 30, 2016) (internal quotation marks and additional citations omitted). "Numerous courts in the Sixth Circuit have reduced attorney's fee awards where the attorney failed to timely apply for fees under the EAJA." *Chorak v. Comm'r of Soc. Sec.*, No. 5:18-cv-2243, 2024 WL 1611482, at *5 (N.D. Ohio, Feb. 7, 2024). Following the lead of those courts and others, counsel's fee for both the EAJA fee that counsel actually received in the first judicial appeal, and a

second amount to represent the hypothetical EAJA award that counsel could have received in this case should be dedcuted.[15] *Accord Ezell v. O'Malley*, No. 20-cv-12642, 2024 WL 915537, at *4 (E.D. Mich., March 4, 2024); *Chorak*, *supra,* at *5-6 (discussing cases); *Jones v. Comm'r of Soc. Sec.*, No. 1:14-cv-748, 2017 WL 1745569, at *4 (S.D. Ohio, May 4, 2017); *Dixon v. Comm'r of Soc. Sec.*, No. 10-cv-5703, 2013 WL 5299561, at *4 (D.N.J. Sept. 18, 2013).

The EAJA provides for an hourly rate of $125.00 "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). In virtually every social security case in recent years, this Court has awarded an hourly EAJA rate that exceeds $125.00 based on cost of living increases or other factors. Here, a reasonable assessment of the hypothetical EAJA fee is based on the EAJA fee awarded to counsel in his first judicial appeal. The prior EAJA fee of $3,230 compensated counsel for 17.75 hours. Multiplying that prior hourly rate ($181.97) by the number of hours expended in *this* case (37.2) equals $6,769.28.

In sum, the total 25% contingency fee award of $33,436.75 does not represent a windfall in light of the aggregated hours spent in federal court in two separate judicial appeals. The statutory framework requires an offset of the $3,230.00 EAJA fee counsel previously received in the first judicial appeal.[16] Equity demands an additional offset of

---

[15]Because of the significant conflict of interest involved and the fact that counsel drafted the language of the fee agreement, the language in the Agreement specifying that an EAJA motion may or may not be filed "in [counsel's] discretion," (Doc. 14 at PageID 1496), does not change the equation. *See Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) ("Nowhere is there a greater conflict of interest involved than in the fee-settings involved in Social Security disability matters, especially when an attorney *only* seeks payment from his client and does not attempt to shift fee payment to the government." (emphasis original)).

[16]For the convenience of the parties, this Court routinely applies EAJA-related fees as an offset to a § 406(b) award rather than requiring counsel to issue a refund. *Accord Chad M. v. Comm'r of Soc. Sec.*, No.

$6,769.28 by this Court, representing the EAJA fee that counsel would have received had he timely filed a motion in *this* case.[17] Therefore, the total net fee to be awarded under §406(b) after *both* EAJA-related deductions equals $23,437.47.

### III.    Conclusion and Order

Plaintiff's motion in this case closely relates to a companion motion filed in Plaintiff's first judicial appeal of the denial of her DIB application. *See Karen O. v. Comm'r*, No. 1:19-cv-1093-DRC-KLL. Both motions concern a single Fee Agreement. Plaintiff seeks a total fee award under §406(b) of $33,436.75 to be made payable to counsel based on his work in two federal appeals, with part of that fee to be in each case. The Court agrees that counsel is entitled to compensation for all hours spent in federal court in both judicial appeals, but concludes that § 406(b) limits the Court's ability to issue the award to *this* case, because this case alone resulted in the award of past-due benefits.

The total fee request is "per se reasonable" under the *Hayes* test. However, for the reasons discussed, two EAJA-related adjustments are required. Applying *both* EAJA-related deductions yields a net fee award to be made under § 406(b) of $23,437.47. The existence of the pending R&R recommending the award of part of that net fee in Plaintiff's first judicial appeal requires this Court to make the full award subject to further offset should the presiding district judge adopt the R&R and/or award any portion of counsel's § 406(b) fee in that earlier case.

---

1:21-cv-682-MRB-SKB, 2021 WL 1608432, at *1 n.1 (S.D. Ohio, March 22, 2024), adopted at 2024 WL 1533339 (S.D. Ohio April 9, 2024).

[17] In making this equitable adjustment under § 406(b), the undersigned expresses no opinion on counsel's stated intention to "pursue a fee petition with the agency…[under § 406(a)] if the total amount awarded in the two court cases [is] less than the full 25% amount withheld." (Doc. 14, at PageID 1482).

Accordingly, **IT IS ORDERED THAT** Plaintiff's motion for an award of attorney fees under 42 U.S.C. §406(b) (Doc. 14) is **GRANTED in part**, subject to the following conditions:

1. The total net fee award due under § 406(b) is calculated to be $23,437.47;

2. A courtesy copy of this Memorandum Opinion and Order shall be filed in Case No. 1:19-cv-1093.

3. <u>No portion of the net fee specified in paragraph 1 of this Order shall be issued to Plaintiff's counsel prior to the Court's ruling on the pending Report and Recommendation in No. 1:19-cv-1093</u>;

   a. If any portion of the pending R&R is adopted and a partial § 406(b) fee is awarded to Plaintiff's counsel in the earlier 2019 judicial appeal, then the net fee specified in paragraph 1 shall be recalculated subject to the following equation: $23,437.47 less the partial § 406(b) fee awarded in No. 1:19-cv-1093-DRC-KLL. To that sum, the $3,230.00 EAJA award shall be added if the Court directs that sum to be repaid in the fee award in No. 1:19-cv-1093-DRC-KLL.[18] To be clear, in no event shall the total award from this case and 1:19-cv-1093-DRC-KLL combined exceed the net fee specified in paragraph 1;

   b. Alternatively, if no § 406(b) fee is awarded to Plaintiff's counsel in the earlier 2019 judicial appeal because the R&R is rejected or for any other reason,

---

[18]In lieu of applying the prior EAJA award as an offset and recommending a "net" award, the pending R&R awards the $12,000.00 requested in that case and directs counsel to refund the $3,230.00 to Plaintiff upon receipt. (*Id*., Doc. 24 at PageID 1112).

the net fee specified in paragraph 1 shall become immediately due and payable.

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge